## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS ANTONIO CALDERON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 3:25-CV-00496-LS** |
| | § | |
| **LUIS ARTURO MONTALVO** | § | |
| **VILLEGAS and LUIS ARTURO** | § | |
| **MONTALVO VILLEGAS D/B/A** | § | |
| **TRANSPORTES LAM,** | § | |
| | § | |
| *Defendants.* | § | |

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Defendants Luis Arturo Montalvo Villegas and Luis Arturo Montalvo Villegas d/b/a Transportes LAM removed this case from state court under 28 U.S.C. § 1441 based on diversity jurisdiction.[1] The Court denies Plaintiff Carlos Antonio Calderon's motion to remand.

## I.    LEGAL STANDARD.

A defendant may remove a state court action with the consent of all defendants when there is complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000.[2] The removing defendant must file a notice of removal within thirty days of receiving the lawsuit's initial pleading.[3] Or, "if the case stated by the initial pleading is not removable," the defendant must file the notice within thirty days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[4]

---

[1] ECF No. 1 at 2.
[2] 28 U.S.C. § 1441(b), § 1332(a).
[3] *Id.* § 1446(b)(1).
[4] *Id.* § 1446(b)(3).

"[T]he thirty day time period in which a defendant must remove a case starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face" that the case is subject to removal.[5] When the case is not removable based on the lawsuit's initial pleading, "the information supporting [a later] removal in a copy of an amending pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running for a notice of removal."[6]

## II.    ANALYSIS.

Plaintiff's original petition states that Plaintiff resides in Texas.[7] A plaintiff's representation that he or she is a Texas "resident" insufficiently describes the plaintiff's citizenship for the purposes of diversity jurisdiction analysis.[8] Defendants removed the case within 30 days of receiving an email from Plaintiff's counsel confirming that Plaintiff is a citizen of Texas.[9] Plaintiff argues that he provided sufficient information in his petition that he was a citizen of Texas, as he stated that he "'is a resident of El Paso County, Texas,' that the last three numbers of Plaintiff's Driver's License Number are 788, and the last three numbers of Plaintiff's Social Security Number are 158."[10] Additionally, Plaintiff's initial disclosures confirmed that he had a Texas driver's license and a Texas residence.[11] Although these documents may bear on his Texas residence, they do not constitute "other paper" that "unequivocally" and "clear[ly]" establishes Plaintiff's Texas citizenship. The first "other paper" that unequivocally and clearly established Plaintiff's Texas

---

[5] *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

[6] *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002) (internal quotes omitted).

[7] ECF No. 1 at 2; ECF No. 1-1 at 2.

[8] *See Kerney v. Ft. Griffin Fandangle Ass'n, Inc.*, 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship."); *Toms v. Country Quality Meats, Inc.*, 610 F.2d 313, 316 (5th Cir. 1980) ("[W]hen jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" (quoting 2A *Moore's Federal Practice* § 8.10)).

[9] ECF No. 1 at 2; ECF No. 1-2 at 2.

[10] ECF No. 4 at 2.

[11] *Id.* at 8.

citizenship was the email from Plaintiff's counsel, and Defendants timely removed upon receipt of it under 28 U.S.C. § 1446(b)(3).

Plaintiff also alleges that Defendants waived their right of removal by participating in the state court proceedings.[12] "Defendants who timely file a notice of removal may nonetheless waive that right by taking substantial action in state court indicating an intent to submit the case to the jurisdiction of that court."[13] But "[a] waiver of the right of removal must be clear and unequivocal"[14] and "is not lost by action in the state court short of proceeding to an adjudication on the merits."[15] And when a case is not removable at the outset, "the waiver issue turns on what actions the defendant takes once the case becomes removable."[16]

In state court, Defendants filed a special appearance and answer,[17] as well as a motion to exclude medical expenses[18] and an objection to and motion to strike the 193.7 notice.[19] None of these demonstrate a clear and unequivocal intent to submit the case to the jurisdiction of the state court. Additionally, Defendants' answer and motions were filed before they received the email from Plaintiff's counsel confirming that Plaintiff was a citizen of Texas. Defendants' only action after receiving that email was the removal to federal court. Therefore, Defendants did not waive their right to removal.

## III.    CONCLUSION.

---

[12] *Id.* at 9.
[13] *Ortiz v. Brownsville Indep. Sch. Dist.*, 257 F. Supp. 2d 885, 889 (S.D. Tex. 2003).
[14] *Beighley v. F.D.I.C.*, 868 F.2d 776, 782 (5th Cir. 1989).
[15] *Abraham Watkins Nichols Agosto Aziz & Stogner v. Festeryga*, 155 F.4th 456, 460 (5th Cir. 2025) (quoting *Beighley*, 868 F.2d at 782).
[16] *Ortiz*, 257 F. Supp. 2d at 889.
[17] ECF No. 1-3 at 32–37.
[18] *Id.* at 29–30.
[19] ECF No. 1-3 at 39–43.

For the reasons stated above, Plaintiff's opposed motion to remand to state court [ECF No. 4] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on December 4, 2025.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**